UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOUNTCO CONSTRUCTION & DEVELOPMENT CORP.,

          Plaintiff,

-against-

WESTCHESTER FIRE INSURANCE COMPANY,

          Defendant.

Case No. _____

**COMPLAINT**

---

      Plaintiff, MOUNTCO CONSTRUCTION AND DEVELOPMENT CORP. ("Mountco"), by its attorneys, Peckar & Abramson, P.C., for its complaint against defendant WESTCHESTER FIRE INSURANCE COMPANY ("WFIC"), alleges as follows:

### Parties

1. Mountco is a corporation duly organized and existing under the laws of the State of New York, with a principal place of business at 700 White Plains Road, Scarsdale, New York 10583. Mountco is engaged in the business of construction as a general contractor.

2. On information and belief, WFIC is a Pennsylvania corporation with its principal place of business located at 436 Walnut Street, Philadelphia, Pennsylvania and is authorized to do surety business in the State of New York.

### Jurisdiction

3. The Court has jurisdiction over the claims in this action on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1332, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Pursuant to 28 U.S.C. § 1391(a)(2), venue lies in the Southern District of New York in that a substantial part of the events or omissions giving rise to the claims occurred therein, and wherein the property that is the subject of the action is situated.

## Facts Common to All Counts

5. By written agreement, dated May 8, 2012 (the "Broadway Agreement"), Broadway Sugar Hill Housing, L.P., Broadway Sugar Hill Housing Development Fund Company, Inc., and Sugar Hill New Market Credits, Inc. (collectively referred to as "Broadway Housing"), as Owner, retained Mountco as Contractor, to construct a new affordable housing project at 404 West 155th Street, New York, New York, known as The Sugar Hill Project (the "Project").

6. Pursuant to the terms of the Broadway Agreement, Mountco procured a labor and material payment bond from Travelers naming Broadway Housing as primary-obligees thereunder (the "Mountco/Travelers Payment Bond").

7. By written agreement dated June 12, 2012 (the "Lalo Agreement") Mountco, as general contractor, retained Lalo Drywall Inc. ("Lalo") as a subcontractor on the Project.

8. Pursuant to the terms of the Lalo Agreement, Lalo procured a labor and material payment bond from WFIC naming Mountco as primary-obligee thereunder, a true copy of which is annexed hereto as Exhibit "A" (the "Lalo/ WFIC Payment Bond").

9. Pursuant to the terms of the Lalo Agreement, Lalo procured a performance bond from WFIC naming Mountco as primary-oblgiee thereunder, a true copy of which is annexed hereto as Exhibit "B" (the "Lalo/WFIC Performance Bond").

10. Broadway Housing secured construction and permanent financing for the Project through the New York City Department of Housing Preservation and Development ("HPD") and others.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

2

103886v3

11. The Project is subject to the prevailing wage and other requirements of the Davis Bacon Act, based on financing obtained by HPD from the United States Department of Housing and Urban Development.

12. By letter, dated April 8, 2015, the Labor Monitoring Unit of HPD notified Broadway Housing and Mountco that it was conducting an investigation into the payment of federally mandated wages at the Project, and that it would withhold the amount of $4,700,000.00 from Broadway Housing to satisfy presumed underpayments and/or liquidated damages.

13. HPD advised Broadway Housing and Mountco that HPD's investigation resulted from the alleged underpayment of federally mandated wages by Lalo.

14. By letter dated April 20, 2015, Mountco notified WFIC, among other things, that HPD had issued a Notice of Withholding and that HPD had advised Broadway Housing and Mountco that Lalo was guilty of a substantial violation of prevailing wage requirements

15. By letter dated May 22, 2015, Broadway Housing duly notified Travelers of HPD's April 8th Notice of Withholding and tendered the defense of same to Travelers and Mountco, pursuant to the terms of paragraph 3 of the Mountco/Travelers Payment Bond.

16. Broadway Housing base their right to tender the Notice of Withholding on paragraph 3 of the Mountco/Travelers Bond which provides:

> If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

103886v3

17. Broadway Housing also relies on paragraph 4 of the Mountco/Travelers Payment Bond which provides:

> When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

18. By letter, dated August 5, 2015, Broadway Housing notified Travelers of Broadway Housing's receipt of a July 30, 2015 First Notice of Underpayment for Unpaid Wages from the Labor Monitoring Unit of HPD, finding that Mountco's subcontractor, Lalo, did not pay its workers $2,706,937.65 in federally mandated wages.

19. By letter dated August 6, 2015, the Labor Monitoring Unit of HPD notified Broadway Housing that the amount of HPD's April 8th Notice of Withholding was reduced to the sum of $2,706,937.65 from $4,700,000.00.

20. By letter dated September 4, 2015, the Labor Monitoring Unit of HPD issued an Amended First Notice of Underpayment for Unpaid Wages and a Notice of Withholding of Funds to Broadway Housing increasing the amount withheld to $2,731,922.61 due to additional alleged violations.

21. By letter dated October 1, 2015, the Labor Monitoring Unit of HPD issued an Amended First Notice of Underpayment for Unpaid Wages and a Notice of Withholding of Funds to Broadway Housing increasing the amount withheld to $2,918,962.77 due to additional alleged violations.

22. By letter dated October 9, 2015, Broadway Housing notified Travelers of HPD's September 4th Amended First Notice of Underpayment for Unpaid Wages and Notice of Withholding Funds, increasing the amount to $2,918,962.77, and tendered the defense of same

LAW OFFICES
Peckar &
Abramson
A Professional Corporation

103886v3

to Travelers and Mountco, and demanded that Travelers promptly and at its expense defend, indemnify and hold Broadway Housing harmless.

23. By letter dated August 11, 2015, Mountco duly notified WFIC of HPD's Notice of Withholding and tendered the defense of same to Westchester and Lalo, pursuant to the terms of paragraph 3 of the Lalo/ WFIC Payment Bond.

24. That paragraph 3 of the Lalo/WFIC Payment Bond is identical to paragraph 3 of the Mountco/Travelers Payment Bond and it provides:

> If there is no Owner Default under the Construction Contract, the Surety's obligation to the Owner under this Bond shall arise after the Owner has promptly notified the Contractor and the Surety (at the address described in Section 13) of claims, demands, liens or suits against the Owner or the Owner's property by any person or entity seeking payment for labor, materials or equipment furnished for use in the performance of the Construction Contract and tendered defense of such claims, demands, liens or suits to the Contractor and the Surety.

25. Paragraph 4 of the Lalo/WFIC Payment Bond is identical to paragraph 4 of the Mountco/Travelers Payment Bond and it provides:

> When the Owner has satisfied the conditions in Section 3, the Surety shall promptly and at the Surety's expense defend, indemnify and hold harmless the Owner against a duly tendered claim, demand, lien or suit.

26. By Complaint dated November 6, 2015, Broadway Housing filed an action in the U.S. District Court, Southern District of New York, Civ. 15-8771-SAS against Travelers, (the "Broadway Housing Action") seeking: (1) a declaration that Travelers is obligated under the terms of its payment bond, and at its expense, to defend, indemnify and hold harmless Broadway Housing from and against all matters connected with the HPD withholding, including its causal effects; (2) that as part of said declaration of rights in favor of Broadway Housing, Travelers be required to deposit into an escrow account, the sum of at least $3,210,859.00 and such other amounts as HPD and Broadway Housing's permanent lender

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

103886v3

may require in order to release to Broadway Housing the amounts currently being withheld and close the permanent loan; and (3) the sum of $3,500,000 for Travelers alleged breach of its obligations pursuant to the payment bond.

27. By letter dated December 23, 2015, Mountco tendered the defense of the Broadway Housing Action to WFIC and demanded that they promptly, and at their expense, dated, indemnify and hold harmless Mountco (and Travelers) against the Broadway Housing's claims in the action.

28. WFIC has failed and refused to defend, indemnify and hold Mountco harmless, as required by the terms of paragraph 4 of the Lalo/WFIC Payment Bond.

## AS AND FOR A FIRST CLAIM FOR RELIEF

29. Mountco repeats and realleges the allegations contained in paragraphs "1" through "28" above as if fully set forth herein.

30. If the court in the Broadway Housing Action finds that Broadway Housing is entitled to a declaratory judgment that Travelers is obligated under the terms of the Mountco/Travelers Payment Bond to defend, indemnify and hold harmless Broadway Housing from and against all matters connected with the HPD withholding, Mountco seeks a declaratory judgment that WFIC is obligated under the terms of the Lalo/WFIC Payment Bond to defend, indemnify and hold Mountco and its surety harmless from and against all matters connected with the HPD withholding.

## AS AND FOR A SECOND CLAIM FOR RELIEF

31. Mountco repeats and realleges the allegations contained in paragraphs "1" through "30" above as if fully set forth herein.

LAW OFFICES

Peckar &
Abramson
A Professional Corporation

6

103886v3

32. WFIC has breached its obligations to Mountco under the Lalo/WFIC Payment Bond, by failing and refusing to defend, indemnify and hold Mountco harmless from and against the effects of HPD's Notices of Withholding and now the alleged prevailing wage underpayment of $2,918,962.77.

33. That as a result of WFIC's failure and refusal to defend, indemnify and hold Mountco harmless from HPD's Notices of Withholding of Funds and now the alleged underpayment of $2,918,962.77, Mountco may incur liabilities to Broadway Housing in an amount to be determined at trial, but which Broadway Housing alleges is expected to exceed the sum of $3,500,000.

34. By reason of the foregoing, if Travelers and Mountco are found liable to Broadway Housing in the Broadway Housing Action, Mountco seeks indemnification from WFIC in the amount of Mountco and Travelers' liability to Broadway Housing.

## AS AND FOR A THIRD CLAIM FOR RELIEF

35. Mountco repeats and realleges the allegations contained in paragraphs "1" through "34" above as if fully set forth herein.

36. Lalo was required by the Lalo Subcontract to strictly comply with all labor compliance requirements imposed by HPD and all prevailing wage requirements.

37. Since August 2013, Mountco has received repeated complaints from HPD that Lalo has failed to comply with the labor compliance reporting requirements the Lalo Subcontract.

38. By letter dated August 13, 2013 Mountco gave notice to WFIC that Mountco was considering declaring a default for grounds of Lalo's serious prevailing wage violations.

WFIC was required to undertake an investigation and ensure that its principal cured any such violations.

39. On April 8, 2015, the New York State Attorney General and New York City Department of Investigation announced the arrest of Lalo and its principal Sergio Raymundo on multiple felony counts based on prevailing wage fraud.

40. Based on this arrest and the Notices of Withholding received from HPD, Lalo is guilty of a material breach of its subcontract.

41. In a letter dated April 20, 2015, Mountco declared Lalo in material default under the Subcontract and the Lalo/WFIC Performance Bond and requested a conference with WFIC and Lalo pursuant to Section 3.1 of the Lalo/WFIC Performance Bond and requested that Lalo and WFIC hold Mountco harmless from all loss, liability, damages and expense including attorneys' fees and other legal costs arising from Lalo's failures to comply with its prevailing wage requirements of the contract documents, pursuant to Section 15.8 of the Supplemental Conditions of the Lalo Agreement. WFIC has failed and refused to acknowledge is obligations under the Lalo/WFIC Performance Bond.

42. Broadway Housing has advised Mountco that it cannot and will not pay Mountco's final payment of $702,742 due under the Broadway Agreement as a consequence of HPD's Notices of Withholding, and thus, Mountco has already been monetarily damaged by Lalo's material default in compliance with the Lalo Agreement.

43. WFIC has breached its obligations to Mountco under the Lalo/WFIC Performance Bond, by failing and refusing to hold Mountco harmless from all loss, liability, damages and expense including attorneys' fees and other legal costs arising from Lalo's

failures to comply with its prevailing wage requirements of the contract documents, as a result Mountco has been damaged in at least the amount of $702,742.

### AS AND FOR A FOURTH CLAIM FOR RELIEF

44. Mountco repeats and realleges the allegations contained in paragraphs "1" through "43" above as if fully set forth herein.

45. In July 2012, Mountco entered into a Payment Direction Agreement, tendered by WFIC, with Lalo and WFIC, whereby all payments under the Lalo Subcontract were remitted to an Escrow Account under the control of WFIC.

46. Pursuant to the Payment Direction Agreement, WFIC agreed to act as Escrow Agent and insure that "all disbursements from the Escrow Account will be for payment of the labor, equipment, materials and other costs qualifying as trust payments under Article 3-A of the Lien Law of New York State and that all payments are subject to the terms and conditions of the Contract."

47. Since the allegations by HPD against Lalo pertaining to prevailing wage fraud have not been refuted or otherwise resolved by WFIC, WFIC has failed to comply with its obligations as Escrow Agent and is liable to Mountco in at least the amount of $702,742.

**WHEREFORE**, Mountco demands judgment against WFIC, as follows:

(1) On the First Claim for Relief, if Broadway Housing is successful on its first cause of action on the Broadway Housing Action, a declaration of Mountco's rights and of WFIC's duties and obligations under the Lalo/WFIC Payment Bond; and

(2) On the Second Claim for Relief, if Broadway Housing is successful on its second cause of action in the Broadway Housing Action, as part of said declaration of rights, WFIC be required to deposit into an escrow account the sum of at least $3,210,859.00 and such

other amounts as the Court finds that HPD and Broadway Housing's permanent lender may require in order to release to Broadway Housing the amounts currently being withheld and close the permanent loan; and

(3) On the Second Claim for Relief, if Broadway Housing is successful on the second cause of action in the Broadway Housing Action, in an amount as finally determined at trial.

(4) On the Third Claim for Relief, in an amount to be finally determined at trial.

(5) On the Fourth Claim for Relief, in an amount to be finally determined at trial

(6) Interest, costs, disbursements, attorneys' fees and for such other and further relief as the Court may deem just and proper.

Dated: February 18, 2016

                                             PECKAR & ABRAMSON, P.C.

                                             By: *[signature]*
                                             Howard M. Rosen (HR-9443)
                                             *Attorneys for Mountco Construction*
                                                 *& Development Corp.*,
                                             41 Madison Avenue, 20th Floor
                                             New York, New York 10010
                                             Tel: (212) 382-0909